FILED
United States Court of Appeals
Tenth Circuit

July 2, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

VANITY JOHNSON,

        Defendant-Appellant.

No. 14-3019

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 6:13-CR-10122-MLB-2)**

_____

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, Interim, Jill M. Wichlens, Assistant Federal Public Defender, Chief, Appellate Division, Denver, Colorado, for Defendant-Appellant.

Barry R. Grissom, United States Attorney, James A. Brown, Assistant United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

_____

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **HARTZ**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

**PER CURIAM**.

Vanity Johnson pleaded guilty pursuant to a written plea agreement in which she "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." Mot. to Enforce, Attach. C (Plea Agmt.) at 8. More specifically, she "knowingly waive[d] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* Despite her appeal waiver, Ms. Johnson filed a notice of appeal and indicated her intent to challenge her sentence.

The government moved to enforce Ms. Johnson's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Regarding the third factor, we have stated:

Appellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the

sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

*Id.* at 1327 (internal quotation marks omitted).

In response to the government's motion, Ms. Johnson argues that enforcing her appeal waiver would result in a miscarriage of justice, thereby invoking the third factor in the *Hahn* analysis. She contends that her waiver is subject to an exception because the district court relied on an impermissible factor by injecting gender bias into its sentencing decision.

Ms. Johnson, however, did not challenge in the district court the court's alleged reliance on an impermissible factor in imposing sentence. Therefore, our review is for plain error only. And because of Ms. Johnson's failure to develop the record below, we hold that plain error review of her claim is not possible. We therefore grant the government's motion, enforce Ms. Johnson's appeal waiver, and dismiss her appeal.

## I.      Background

Ms. Johnson pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A, and conspiracy to commit bank fraud, aggravated identity theft, and mail theft, in violation of 18 U.S.C. § 371. She admitted to participating in a scheme with her codefendant, Mario Diaz, to steal checks and credit cards from the mail and use them for personal gain. Mr. Diaz was Ms. Johnson's live-in boyfriend and the father of her two-year-old child. In her plea agreement, Ms. Johnson stated that she did the criminal acts at Mr. Diaz's direction. But she admitted that she

assisted in the criminal conduct "knowingly, voluntarily and willingly," despite being a "victim of violence" at the hands of Mr. Diaz. Mot. to Enforce, Attach. C (Plea Agmt.) at 2. Prior to sentencing, Ms. Johnson submitted evidence to the court supporting her claim that Mr. Diaz had physically and emotionally abused her and describing the effects of his abuse on her.

In the plea agreement the government agreed to recommend a two-level reduction in Ms. Johnson's offense level based on her acceptance of responsibility. The government ultimately filed a motion recommending a sentence of three years' probation.

At the sentencing hearing, the district court asked the parties how it could sentence Ms. Johnson to probation when it had sentenced Mr. Diaz, her codefendant, to 39 months' imprisonment. The government responded there were sentencing factors that distinguished Ms. Johnson from Mr. Diaz, including that Mr. Diaz had taken responsibility as the leader in the criminal acts; Ms. Johnson's abusive relationship with Mr. Diaz; and her efforts to take care of her two young children by working two jobs. Ms. Johnson's counsel likewise addressed Mr. Diaz's physical abuse of Ms. Johnson and the role that abuse played in the offenses. Her counsel noted that Ms. Johnson acknowledged her involvement in the offenses and accepted responsibility. But he stated that if she had gone to trial instead of pleading guilty, he would have argued she was "under [Mr. Diaz's] thumb the whole time. . . .

- 4 -

removing, in a lot of ways, free will because she knew that he would beat her up."

Mot. to Enforce, Attach. B (Sent. Tr.) at 6.

The district court granted the government's motion for a reduced sentence under 18 U.S.C. § 3553(e), but it declined to sentence Ms. Johnson to probation. In explaining its reasons for a nonprobationary sentence, the court first stated that even though Ms. Johnson's relationship with Mr. Diaz "was not exactly the best," Mot. to Enforce, Attach. B (Sent. Tr.) at 6, it was reluctant to determine a sentence in a guilty-plea case based on an argument that the defendant would have been found not guilty (under a defense of compulsion) if she had chosen to go to trial rather than plead guilty.

The court next discussed Ms. Johnson's criminal history consisting of traffic violations, which it said were "not terribly serious," but "pretty consistent." *Id.* at 9. In the midst of the district court's discussion of her criminal history, after indicating that her "involvement with the court system [hadn't] taught [her] the kind of lessons that [she needed] to recognize at age 24 and as a mother of children," *id.* at 9, the court made the following comments about domestic violence in general:

> Now, that having been said – and I do see these domestic battery things. And I will say this about domestic violence and domestic battery. We don't do those over here, thankfully. But, in my opinion, most of those, both parties are involved. It's an argument. So I don't hold those against you.

*Id.* at 10. The court continued by discounting any effect of domestic violence on Ms. Johnson's traffic violations: "But the others, clearly, there wasn't any argument

about driving illegally and not having insurance and that sort of thing. That's not a two-person type thing. That's just your responsibility." *Id.* The court ultimately concluded:

> I think in order to comply with the requirements of the statute to impress upon you that you need to start paying attention to all the laws and not just the laws that you feel like you want to pay attention to, that the only way to get your attention is to confine you. And I am going to confine you for twelve months and one day.

*Id.*

## II. Discussion

Ms. Johnson argues that the district court, consciously or unconsciously, exhibited gender bias by characterizing most domestic violence situations as being "an argument" where "both parties are involved" and "a two-person type thing," *id.* She maintains that "[p]lacing part of the blame for domestic violence on the victim is a recognized form of gender bias." Aplt. Sealed Opp. at 6. Ms. Johnson contends that the district court "injected gender bias into the sentencing decision" by (1) dismissively describing her abusive relationship with Mr. Diaz as "'not exactly the best'"; (2) "discounting as a sentencing factor abuse that does not rise to the level of a defense"; and (3) "emphasizing Ms. Johnson's status 'as a mother of children' in deciding that she needed to be taught a lesson." *Id.* at 7. She argues that, consequently, her appeal waiver is unenforceable.

The government asserts that Ms. Johnson's impermissible-factor claim has no merit. It contends:

[G]iven the defendant's responsibility in committing the offenses, as well as her record of disobeying the traffic laws, the district court permissibly declined to attach great weight to the fact that she had been in an abusive relationship with the co-defendant. It was in this context that the district court made the comments the defendant finds offensive.

Gov't Reply at 5 (citation omitted). Accordingly, the government argues that no miscarriage of justice would result from enforcing Ms. Johnson's appeal waiver.

## A.     Standard of Review

Ordinarily, "[t]he burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. White*, 584 F.3d 935, 948 (10th Cir. 2009) (internal quotation marks omitted). Here, however, Ms. Johnson faces a still heavier burden, that of establishing plain error. That burden results because she did not complain of gender bias in the district court. After the court made the remarks upon which Ms. Johnson rests her claim, it asked those present, "Anything further in this matter before I pronounce sentence?" Defense counsel responded: "Nothing, Your Honor." Mot. to Enforce, Attach. B (Sent. Tr.) at 11.

On plain-error review Ms. Johnson "must establish (1) that the district court committed error, (2) that the error was plain, and (3) that the error affected [her] substantial rights." *United States v. Charles*, 576 F.3d 1060, 1065 (10th Cir. 2009). If she satisfies all three of these factors, she "must then show that an exercise of the court's discretion is appropriate because the error affects the integrity, fairness, or public reputation of judicial proceedings." *Id.* at 1066. We recognize that the

Second Circuit applied the usual standard of review, not plain error, in reviewing a similar claim in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994). In that case, however, in contrast to the case before us, the factual basis for the defendant's claim rested on events at the sentencing of coconspirators who were sentenced after he was, so the claim could not have been raised at his own sentencing. *See id.* at 23.

**B.      Was There Plain Error?**

Ms. Johnson fails on the first two elements of plain-error review. At best she shows a speculative possibility that the district court's sentence was improperly influenced by gender bias. That is not enough to show error "that . . . was plain." *Charles*, 576 F.3d at 1065. The record suggests, contrary to Ms. Johnson's argument, that the opinions of the court on domestic violence played no role in her sentence. Immediately after making the comments, the court said, "So, I don't hold those against you," and proceeded to explain why he thought probation was inappropriate based on her misconduct in matters where she would not have been coerced by Mr. Diaz. Mot. to Enforce, Attach. B (Sent. Tr.) at 10. Perhaps a full airing of the matter would show gender bias by the court. But the time for that airing was the sentencing hearing. We will not remand to develop the record.

> It is not enough that a hearing on remand *may* show that the [decision] was improper. If that were all that is required, we could reverse and remand because of "plain error" even though it may ultimately be resolved that there was no error at all. Such a fruitless, wasteful procedure is not the office of plain-error review.

*United States v. Lewis*, 594 F.3d 1270, 1288 (10th Cir. 2010).

- 8 -

Because Ms. Johnson has not shown that the district court plainly erred in sentencing her based on gender discrimination, we grant the government's motion to enforce Ms. Johnson's appeal waiver and dismiss her appeal. In response to Ms. Johnson's motion to seal her opposition to the motion to enforce, we allow her to submit for filing a version of the opposition in which paragraphs containing sensitive material have been redacted.