**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHAD RYAN HUNTSMAN,

    Defendant - Appellant.

No. 17-4031
(D.C. No. 2:15-CR-00645-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

We dismiss the appeal of Defendant Chad Ryan Huntsman because his plea

agreement waived his right to challenge his below-guidelines sentence.

In November 2015 a grand jury indicted Defendant on one count of producing

child pornography, *see* 18 U.S.C. § 2251(a), and one count of possessing child pornogra-

phy, *see* 18 U.S.C. § 2252A(a)(5)(B). The following August he entered into a plea

agreement with the government. Under the agreement Defendant would plead guilty to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determi-
nation of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the first count, the government would dismiss the second count, and the government would recommend that his prison term be 240 months. In addition, Defendant waived his right to appeal. Paragraph 8 of the agreement states:

> I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, *I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below*.

R., Vol. 1 at 18 (emphasis added). And Paragraph 12(e)(1) states:

> Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, *I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever,* except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above [i.e., 18 U.S.C. § 2251]; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

*Id.* at 19 (emphasis added).

The presentence investigation report prepared by the probation office calculated a total offense level of 43 and a criminal-history category of I, resulting in an advisory guidelines sentence of life imprisonment. But because the statutory maximum term for Defendant's offense is 30 years, the guidelines range dropped to 30 years.

In a presentencing filing Defendant referred to the need for sentencing consistency

and observed that similar defendants had received 240-month (20-year) sentences. And at the sentencing hearing itself, his counsel reemphasized the importance of consistency and noted that "in the last two or three cases I've had with this Court, we've gone between 20 and 25 years." R., Vol. 3 at 18. Also, in accordance with the plea agreement, the government stated at the hearing that it believed a 240-month sentence was appropriate. The district court, however, asked the government why Defendant should receive a lower sentence than those given to two other defendants (Lyman Black and Brenton Andrews) who had both pleaded guilty to producing child pornography under plea agreements setting the sentence at 300-month (25-year) prison terms.[1] Defendant neither objected to the question nor responded to it. The government pointed to three mitigating factors: that Defendant had previously suffered a brain injury, had Asperger's syndrome, and had made "some earnest attempts to help the government early in this case to find other perpetrators of the same crime." *Id.* at 27. The court agreed that Defendant was distinguishable from Black and Andrews and sentenced Defendant to 270 months (22.5 years).

Defendant's sole contention on appeal is that the district court "erred in basing [Defendant's] sentence on materials outside of the record [the sentences of Black and Andrews] without first notifying [him] of its intent to use unrelated, non-case specific materials in committing him to federal prison." Aplt. Br. at 1. But this argument is barred by Defendant's appeal waiver. We determine whether an appeal waiver is valid

---

[1] We grant Defendant's motion to supplement the appellate record to include the plea agreements for Black and Andrews.

3

and applicable by considering "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Garcia-Ramirez*, 778 F.3d 856, 857 (10th Cir. 2015) (internal quotation marks omitted). Defendant does not dispute that the first two elements are satisfied. His only argument concerns the miscarriage-of-justice prong.

It is a defendant's burden to show that an appeal waiver causes a miscarriage of justice. *See United States v. Johnson*, 756 F.3d 1218, 1221 (10th Cir. 2014). An appeal waiver causes a miscarriage of justice "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1219 (brackets in original). Defendant, however, rests only on a general assertion that "[e]nforcing the waiver would be a miscarriage of justice." Aplt. Reply Br. at 6. We are not persuaded. Defendant points to none of the four miscarriage options as being applicable, and clearly none apply. Nor was there anything close to unfairness when the district court challenged his assertion that similar defendants had received sentences of 240 months.

4

We **DISMISS** the appeal and **GRANT** defendant's motion to supplement the record.

Entered for the Court


Harris L Hartz
Circuit Judge